**SO ORDERED.**

**SIGNED this 9th day of December, 2011.**





_____
Robert E. Nugent
United States Chief Bankruptcy Judge

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES A. MEIS, | ) | Case No. 10-13207 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| JAMES A. MEIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 11-5011 |
| | ) | |
| THE FOWLER STATE BANK, | ) | |
| WELLS FARGO BANK, NA fka WELLS | ) | |
| FARGO BANK, MINNESOTA, NA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT WELLS FARGO BANK'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

-1-

Plaintiff James Meis asserts two claims for relief against Wells Fargo Bank, N.A.[1] Meis first alleges that Wells Fargo's mortgage on land he owns may be avoided "under 11 USC § 544" because it contains an incorrect legal description of his property. He also asserts that Wells Fargo lacks standing to enforce the note this mortgage secures even though the note was endorsed in blank by the original obligee, Bank of America. Wells Fargo counters that neither of these claims factually or legally support relief and that Meis's amended complaint against it should be dismissed under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6). To determine whether dismissal is appropriate, the Court considers whether these claims are "facially plausible" based upon the facts pled in the amended complaint.[2] As detailed below, the avoidance claim is facially plausible, but the standing claim is not.[3]

**The Promissory Note is Endorsed to Wells Fargo in Blank.**

The pleaded facts are sparse and easily outlined. Meis filed a bankruptcy case here on September 21, 2010. He remains the debtor in possession today and exercises the avoiding powers of a trustee under § 1107. On September 9, 2003, Meis and his wife made a promissory to note to Bank of America N.A., promising to pay $400,000 at 6.125 percent interest in 360 monthly payments. The copy of the

---

[1] Wells Fargo was added as a party defendant in this adversary proceeding by plaintiff's filing of an amended complaint on August 1, 2011. *See* Dkt. 34. The Court notes that plaintiff neglected to amend the case caption to reflect the joinder of Wells Fargo as a party defendant in this adversary; the Court has modified the case caption and the parties should likewise change the case caption going forward.

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (complaint must plead enough facts to state a claim to relief that is plausible on its face; the alleged claims must nudge "across the line from conceivable to plausible.").
Meis attached to his amended complaint the subject note, but not the mortgage. He did, however, recite in the amended complaint, the property's legal description culled from the mortgage and references proof of claim no. 10 filed by Wells Fargo's servicer, BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, L.P., to which the mortgage and note are attached.

[3] James Meis appears by his attorney Elizabeth A. Carson of Bruce, Bruce & Lehman, L.L.C., Wichita, Kansas. Wells Fargo appears by its counsel Cassandra L. Writz of Bryan Cave LLP, Kansas City, Missouri.

-2-

note attached to the Amended complaint contains an endorsement in blank that reads: "Pay to the order of _____ without recourse" that is signed by an officer of Bank of America. The note generally references a mortgage that Meis gave to secure the note. In the amended complaint, Meis also asserts that BAC Home Loan Servicing, L.P. purports to act as Wells Fargo's servicer.

**The Tracts Described in the Complaint Are in Different Sections and Are Not Contiguous.**

Meis claims as a homestead property that lies in a nearly rectangular metes and bounds tract in the NE/4 of Section 13, Township 27, Range 28 West of the 6th Principal Meridian in Gray County, Kansas. The amended complaint describes the tract as –

> Beginning Thirty feet (30') South of the Northwest Corner of the NE/4, thence East 1,088 feet, South 1,452 feet, West 1,088 feet, North 1,460 feet to the Point of Beginning, commonly described as 18502 U Road, Cimarron, Kansas 67835.[4]

Wells Fargo claims a mortgage in Meis's homestead, but that mortgage contains a legal description very different from what Meis claims as a homestead in his bankruptcy petition. In the granting clause, the mortgaged land is described as being in Gray County with a "legal description attached hereto and made a part hereof." It then recites that the land has a "Parcel ID Number" of GA00545 and sets out the same common address contained in the NE/4 description above. The attached description, set out in paragraph 7 of the amended complaint, reads as follows:

> A tract of land located in the *Southeast Quarter (SE/4) of Section Twelve (12)*, Township Twenty-seven (27) South, Range Twenty-eight (28) West of the Sixth Principal Meridian, more particularly described as follows:
> Commencing at the southwest corner of the southeast Quarter (SE/4) of Section 12, Township 27 South, Range 28 West of the Sixth Principal Meridian, Gray County, Kansas, the point of beginning; thence North 01-degrees-18'35" East along the west line of said Southeast Quarter (SE/4) of Section 12 a distance of 1206.85 feet; thence South 89-degrees-04'-19" East a distance of 1206.14 feet; thence South 03-degrees 18'11" East a distance of 491.46 feet; thence South 00-
> degrees 41'53" West a distance of 284.19 feet; thence South 19-degrees 31'32" West a

---

[4] Dkt. 34, ¶ 5.

-3-

distance of 455.21 feet to a point on the south line of said Southeast Quarter (SE/4) of Section 12; thence North 89-degrees 07'17" West along the south line of said Southeast Quarter (SE/4) of Section 12 a distance of 1106.41 feet to the point of beginning.

EXCEPT a tract of land described as follows: Beginning at a point on the west line of the Southeast Quarter (SE/4) of Section 12 (12), Township Twenty seven (27) South, Range Twenty-eight (28) West of the Sixth Principal Meridian; thence North along the west line of said Southeast Quarter (SE/4) for a distance of Thirty (30) feet; thence East, parallel with the south line of said Southeast Quarter (SE/4), a distance of 1106.41 feet; thence South a distance of Thirty (30) feet to the south line of said Southeast Quarter (SE/4); thence West along the south line of said Southeast Quarter (SE/4) a distance of 1106.41 feet to the point of beginning.

These two tracts are in different sections and quarters and do not abut one another. The Court takes judicial notice that the SE/4 of Section 12 shares a section line with the NE/4 of Section 13. Channeling a former life as a country lawyer, the Court has attempted to plot these tracts and concludes that the tract described in the NE/4 of Section 13 lies 30 feet south of the shared section line.[5] The tract described in the SE/4 of Section 12 runs along the section line and is somewhat larger than the tract in the NE/4 of Section 13. It is impossible to determine where the 30 foot by 1106 foot strip of excepted land lies in the SE/4 of Section 12 because the description contains no beginning point, referring only to "beginning at a point on the west line of the Southeast Quarter," but not stating where that point is. In sum, the tract in the NE/4 is separated from the tract in the SE/4 by a minimum 30 foot wide strip of land.

Meis claims that the Wells Fargo mortgage should be avoided because the description does not comply with KAN. STAT. ANN. § 58-2303 (2005), a 1887 statute that outlines the form of a Kansas statutory short form mortgage and includes a requirement that the "premises" be "described." He relies on § 544, presumably subsection (a)(2) which vests a trustee with the power of a hypothetical bona fide

---

[5] In addition to plotting these tracts, the Court also draws on its experience that section lines in rural Kansas are frequently county roads. For purposes of its ruling today, the Court need not determine whether the shared section line between the SE/4 and the NE/4 is in fact the "U" Road referenced in both tract descriptions and Meis has not, in any event, alleged such a fact.

-4-

purchaser to take free of an unrecorded interest in the land he acquires.

### *Rule 12(b)(6) and 12(d) Do Not Require That this Motion Be Converted to a Summary Judgment Motion.*

The only factual record available to the Court in deciding this motion is that which is contained in or referenced in the amended complaint. The Court must view the allegations of the amended complaint as true and in Meis's best light in determining whether his claims are plausible on their face. The only "matter" that is "outside the pleadings" is the full mortgage instrument itself, which is part of Wells Fargo's proof of claim that is referenced in the amended complaint and from which Meis extracted the legal description alleged in the amended complaint. That document contains a recording stamp that indicates it was filed for record in Gray County. The Court may take judicial notice of its contents.[6]

### *The Avoidance Claim is Plausible on its Face.*

Assuming that Meis's allegation that he lives on the tract in the NE/4 of Section 13 is true, it is difficult to see how a bona fide purchaser supplied only with the NE/4 legal description might happen onto Wells Fargo's mortgage that describes not only a different tract, but also a different section.[7] In

---

[6] *See* Fed. R. Evid. 201; Fed. R. Bankr. P. 9017; *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) (In deciding a Rule 12(b)(6) motion to dismiss a court may permissibly refer to matters of public record.); *Stahl v. U.S. Dept. Of Agriculture,* 327 F.3d 697, 700 (8th Cir. 2003) (same); *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991) (same); *Kaye v. Lone Star Fund V (U.S.), L.P.,* 453 B.R. 645, 664 (N.D. Tex. 2011) (same); *Goldman v. Belden,* 754 F.2d 1059, 1065-66 (2d Cir. 1985) (District court may take into consideration documents incorporated by reference to the pleadings.); *Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment; this allows the court to take judicial notice of facts which are a matter of public record.); *JP Morgan Trust Co. Nat. Ass'n v. Mid-America Pipeline Co.,* 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006) (Court may take judicial notice of filings with the Delaware Secretary of State and Kansas Corporation Commission.).

[7] Under Kansas law a bona fide purchaser for value who has neither constructive notice, nor actual notice, of an encumbrance takes the property free of the encumbrance. *In re Colon,* 563 F.3d 1171, 1174 (10th Cir. 2009). Thus, a debtor in possession exercising the bankruptcy trustee's

*In re Colon*, the Tenth Circuit Court of Appeals concluded that a Kansas purchaser was charged with knowledge of the contents of every document existing in the chain of his title.[8] To determine what those documents contain, the *Colon* panel said the purchaser "must examine each conveyance from a grantor (during the period of the grantor's ownership of the property of interest) to determine whether it is in the chain of title. Apparently such an examination is generally required in conducting a title search."[9] If the mortgage contained only the legal description, the necessary scope of this examination could not be determined as a matter of law without further evidence. But the mortgage contains more information that the amended complaint does not mention.

The mortgage references the common address of the tract and the tract's "parcel ID number." An examiner armed with those two bits of information might find Wells Fargo's mortgage in the record. The parcel ID number is assigned by the county appraiser for the purpose of assessing and collecting ad valorem property tax. In some counties, each parcel of land is assigned a different tax key number and portions split from the original parcel are given the same number with additional digits added as the parcel is subdivided.[10] An examiner could access the clerk's records to determine what tract is indexed under that number and secure a grantor's name and a legal description for further searching. And, an examiner armed with a common address might significantly narrow the field of inquiry by being able to visually ascertain the location of the tract and limit review of the grantor or numerical index to the tract or tracts that are located in the approximate area of the address. As each county is required by

---

avoidance powers as a hypothetical bona fide purchaser, may avoid Wells Fargo's mortgage if he did not have actual or constructive notice of Wells Fargo's mortgage against the property.

[8] 563 F.3d 1171 (10th Cir. 2009). *See also,* KAN. STAT. ANN. § 58-2222 (2005).

[9] *Id.* at 1182.

[10] *See, e.g., Application of Bd. of Park Comm'rs of City of Wichita*, 14 Kan. App. 2d 777, 786, 799 P.2d 505 (1990), referring to practice in Sedgwick County.

-6-

law to maintain an index of conveyances by grantor and grantee, a bona fide purchaser of this tract might be able to ascertain from the tax records who the grantor was by using the tax ID and narrow the search for that grantor's conveyances accordingly.[11]

But on this record, the Court cannot determine whether a bona fide purchaser exercising due diligence would find Wells Fargo's mortgage notwithstanding the baldly erroneous legal description it contains. Without further evidence of the utility of either the parcel ID or the common address in performing a title search, the Court must conclude that Meis's first claim for relief is facially plausible and that relief might be granted.

### Wells Fargo Has Standing to Enforce the Note.

Count II of Meis's amended complaint fails to state a claim for two reasons. First, his assertion that Wells Fargo lacks standing to enforce the promissory note is in the nature of an objection to Wells Fargo's proof of claim--a defense. Defenses do not afford affirmative claims for relief and the only relief sought here is disallowance of the claim itself, a remedy that is available via the claims objection process under Fed. R. Bankr. P. 3007.[12]

Second, and to the merits, Kansas law grants Wells Fargo as the holder of this note the right to enforce it. KAN. STAT. ANN. § 84-3-301(a) (1996) provides that the holder of a negotiable instrument may enforce it. Even a person who does not own the instrument or is in possession of it wrongfully may enforce it. A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . ."[13] An instrument that is endorsed

---

[11] *See* KAN. STAT. ANN. § 19-1205 (2007).

[12] *See* Dkt. 34, p. 7.

[13] KAN. STAT. ANN. § 84-1-201(b)(21)(A) (2010 Supp.).

-7-

in blank is payable to its bearer.[14] As Judge Karlin concluded in *Martinez*, so long as the note is endorsed in blank and is in possession of Wells Fargo or BAC, it may be enforced on behalf of Wells Fargo. Whether BAC or Wells Fargo is the beneficial owner is immaterial.[15]

Meis's complaint does not challenge Wells Fargo's or its servicer BAC's possession of the note. Rather, Meis complains that the way they got the note somehow offends the Pooling and Servicing Agreement that governs the rights of the business trust that holds a beneficial interest in the note. As Meis is not a party to the Pooling Agreement, he cannot rely on its having been breached as a defense to his own liability on the note itself. Meis's reliance on New York trust law is also misplaced because the New York Estate Powers and Trusts Law explicitly excludes business trusts from its ambit.[16] "Trusts whose shares are traded on the American Stock Exchange and that qualify as "real estate investment trusts" under the Internal Revenue Code are considered business trusts."[17]

For these reasons, the Court concludes that Count II is not plausible on its face and therefore fails to state a claim.

**Conclusion**.

Wells Fargo's motion to dismiss Count I of Meis's amended complaint is DENIED. Wells Fargo's motion to dismiss Count II of the amended complaint is GRANTED.

Meis is directed to revise the caption of the amended complaint to reflect that Wells Fargo is a party defendant. Wells Fargo shall have 14 days from the date of this Order to answer the amended

---

[14] Kan. Stat. Ann. § 84-3-205(b) (1996).

[15] *See In re Martinez*, 455 B.R. 755, 763 (Bankr. D. Kan. 2011).

[16] See N.Y.E.T.P.L. § 11–1.1(a). *See also, In re Doble,* 2011 WL 1465559 at *9-10 (Bankr. S.D. Cal. 2011).

[17] *See Prudent Real Estate Trust v. Johncamp Realty, Inc.*, 599 F.2d 1140, 1141 (C.A.N.Y.1979).

-8-

complaint.

# # #